13431

BREEDIN v. TOWN OF MANNING *ET AL.*

(167 S. E., 2)

*Mr. Charlton DuDant,* for appellant, *Sophie H. Breedin;*

*Messrs W. C. Davis, Moses H. Levi* and *Dinkins & Stukes,* for appellants, *Jno. G. Dinkins, as Mayor et al.,*

June 16, 1932.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

In this appeal both parties are appellants. For the sake of clarity, we will refer to them as plaintiff and defendant, the appellations used in the Circuit Court.

In 1930 the plaintiff purchased a piece of real property in the town of Manning for the sum of $5,000.00. This conveyance was duly recorded upon the books of the auditor for Clarendon County, and was assessed for taxes at a valuation of $1,200.00 for State and County purposes for the fiscal year beginning January 1, 1931.

It appears that taxes for the town of Manning are on a different basis from other towns of like class in the State. Section 2764 of the Code of 1932 provides for a board of assessors for the towns of Manning and Summerton and Section 2765 for a board of equalization for said towns. These boards disregarded the fixing of value for taxation as appeared on the auditor's books and placed a valuation upon said property for town taxes at $6,500.00.

This action was then brought in the fall of 1931 to compel the town authorities to adopt the assessment appearing on the auditor's books. In the complaint, no direct attack was made as to the constitutionality of the Sections of the Code under which the town officials operate, but the allegation is made that the assessment was not made as required by Article 10, § 13, of the State Constitution.

There was issued a rule to show cause by Judge Shipp, and the case was heard upon the complaint, return, and affidavits by Judge Dennis. He granted an order in which he held that the method of taxation adopted by the town appeared to be clearly unconstitutional, but that he could not issue the writ of mandamus as demanded in the complaint. No reasons were given for either ruling.

From this order both sides appealed; the plaintiff insisting that the writ of mandamus should have been granted for the reason that it was the ministerial duty of the defendant to take its assessment from the books of the auditor, and, further, that the plaintiff had no other remedy than mandamus. The defendant contends that, if the Circuit Judge held that the method of assessment as made by the defendant were unconstitutional, he was in error; that the

assessment on the auditor's book was illegal; that the auditor should have adopted the assessment as made by the town, thus making the assessment of $6,500.00 legal for both State and municipal purposes.

We are of the opinion that all questions raised by both appeals can be disposed of by answering the one question: Should the writ of mandamus have been granted? It must not be overlooked that this suit is solely for the correction of a tax assessment as made by the town of Manning. It is not an application to the Court for an order staying or preventing the collection of taxes. The position as taken by the plaintiff is that there are two assessments made upon her property, one for the State and the other for the town. If, under the Constitution, only one assessment should be made for both purposes, and if that one assessment should be on the auditor's books, then the duty of the town to take that assessment for its purposes from the books of the auditor is purely a ministerial duty, and hence mandamus is the proper remedy.

The Constitution in Article 10, § 13, is as follows: "§ 13. *One Assessment for all Taxes.*—The General Assembly shall provide for the assessment of all property for taxation; and State, county, township, school, municipal and all other taxes shall be levied on the same assessment which shall be that made for State taxes; and the taxes for the subdivisions of the State shall be levied and collected by the respective fiscal authorities thereof."

The brief of the defendant suggests that there is a line of cases where relief is sought by mandamus, but that, where this was granted, the cases showed that there was only a ministerial duty to perform or there was no adequate remedy at law. The cases creating this line were not cited, and no effort was made to distinguish them from the present case. We will now discuss some of these cases.

*State v. Kelly,* 45 S. C., 457, 23 S. E., 281, 283, was an application to the Supreme Court in its original jurisdiction,

for a writ of mandamus commanding the assessor and treasurer of Charleston to correct the assessment of his real estate for municipal taxation so as to make it conform to that placed upon the property for State and county taxes in the auditor's office. In granting the writ, the Court says: "Under the foregoing view of the case there is only one legal assessment for the year 1893 in the City of Charleston, and the duty of the city assessor is purely ministerial. Mandamus, therefore, is the proper remedy to require the city assessor to correct his assessment, and make it conform to that made for the State and county taxes."

In support of this position, the Court cites *State ex rel. National Bank v. Cromer,* 35 S. C., 213, 14 S. E., 493, and *State ex rel. Bank of Marlboro v. Covington,* 35 S. C., 245, 14 S. E., 499, 501. In the *Cromer case* the president of the First National Bank of Newberry made his return for personal property of said bank at $150,000.00, which, when passed by the township board of assessors and approved by the county board of equalization, was entered upon the books of the auditor. Later this assessment was increased by $80,000.00, and the bank asked that the tax duplicate be corrected so as to restore the original valuation and that a writ of mandamus should issue for that purpose. The petition was granted, the writ issued, and an appeal taken. Amongst the twelve grounds of appeal, two are of especial application to the case now being considered as they presented to the Court the questions as to whether or not mandamus be the proper remedy and whether or not there existed an adequate remedy at law under the statute to pay under protest and sue to recover. In this most instructive case the petition was granted and the writ ordered to issue. Both points above referred to were fully discussed and clearly decided.

In the case of *State ex rel. Bank of Marlboro v. Covington,* the assessment as fixed by the board of equalization was increased by the auditor and the bank thereupon peti-

tioned for a writ of mandamus to compel the auditor to restore the original assessment. The petition was granted by the Circuit Judge and an appeal was taken upon eleven grounds, two of them being that mandamus was not the proper remedy and that the plaintiff had adequate remedy at law. After a full discussion of all points raised, the Court concludes as follows: "In the view we take, the duty of the auditor in this case was purely ministerial, as he at first performed it, and mandamus is the proper remedy to require the assessment to be restored as originally entered by order of the boards of assessors and equalization."

The case of *State ex rel. National Bank v. Boyd,* 35 S. C., 233, 14 S. E., 496, 497, grew out of the same state of facts as produced the suit of *State ex rel. National Bank v. Cromer, supra.* The judgment of the Circuit Court was affirmed, and the writ of mandamus ordered. The Court said: "This is not a proceeding to interfere with the collection of taxes, with which the Courts are forbidden to interfere by Sections 171 and 269 of the General Statutes. It is only a question as to the proper mode of arriving at the true valuation, and the proper tax chargeable thereon, by the officers and in the manner provided by law. When the officers charged with the duty of assessing property confine themselves to their duties as prescribed by law, this Court cannot interfere, even without the provisions of Sections 171 and 269, *supra;* but, when they do not follow the rules laid down which give them jurisdiction, it is the duty of this Court always to be open to the complaint of those who claim to have been illegally dealt with by these officers."

Based upon that principle of the law set forth in the foregoing authorities, the Court, in *Bank of Johnston v. Prince,* 136 S. C., 439, 134 S. E., 387, 390, says:

"It seems, too, that this Court has made a distinction between the granting of a writ to stay or prevent the collection of taxes on the one hand, and the correction of tax assessments on the other. *State v. Cromer,* 35 S. C., 213, 14

S. E., 493; *State ex rel. National Bank v. Boyd,* 35 S. C., 233, 14 S. E., 496; *State v. Covington,* 35 S. C., 245, 14 S. E., 499. In *State v. Covington,* it was decided that mandamus would lie to a county auditor to correct a tax assessment, which it was his plain ministerial duty to do, as of a certain smaller amount, and that the provisions of the general statutes, stated hereinbefore, for recovery by suit [of] taxes, paid under protest, is not such an adequate remedy as to prevent the issue of mandamus to reduce the assessment of the amount or an unauthorized increase.

"The petitioners herein do not seek to have this Court, as we understand. it, interfere in any manner with the collection of taxes. They do ask that the Court require certain county officials to perform their ministerial duty. The cases last cited are authority for holding that this Court has that power."

It therefore appears from the provisions of the Constitution and from the decided cases that only one assessment of property shall be made for all taxable purposes, and that it is the duty of municipal authorities to adopt the assessment as placed upon the books of the county auditors. The transcribing of these figures, being a duty not calling for the exercise of either judgment or discretion, is purely ministerial, and may be enforced by mandamus.

We are not unmindful of the law which permits municipalities to "levy and collect" taxes. It might, and very probably would, be most advantageous for municipalities to have the power to make a separate assessment for their own taxable purposes, but they must be denied the benefits from such a source until appropriate legislation be enacted.

It is argued that the Act providing for the special board of equalization for the town of Manning directs the chairman to report his findings to the auditor, and that therefore the auditor should adopt such findings for State and county purposes. This course, as is well illustrated by the present case, would permit the auditor to

increase the assessment from $1,200.00 to $6,500.00, which, the authorities above set forth show, is not permissible.

There being a well-recognized distinction between an action to stay or prevent the collection of taxes and an action for the correction of tax assessments, the first being forbidden while the second is allowed, and the present suit coming clearly within the second class wherein mandamus is declared to be the proper remedy, it follows that the writ should have been granted.

It is therefore the judgment of the Court that the judgment of the Circuit Court in refusing to issue the writ of mandamus be reversed. Application may be made to a Circuit Judge in the Circuit for an order for the issuance of the writ as herein determined.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.