13731

BREEDIN v. TOWN OF MANNING
ROPER v. TOWN OF MANNING

(172 S. E., 120)

*Messrs. W. C. Davis, Moses Levi* and *Dinkins & Stukes,* for appellant,

*Mr. Charlton DuRant,* for respondent,

December 8, 1933.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

These two actions were brought to recover certain taxes on real estate assessed by the Town of Manning and paid under protest, by the plaintiffs. The town filed answers in both suits, setting forth the alleged constitutionality of the levies, and to these answers plaintiffs filed demurrers. Upon hearing the demurrers, the Circuit Judge sustained them and dismissed the answers. From the order dismissing the answers, this appeal is taken.

At this point it may be well to insert the order of the Circuit Judge, in the *Breedin case,* which was as follows:

"The plaintiff brings this action to recover the sum of $150.00 taxes paid by him, which he claims was illegally assessed and collected. The property of the plaintiff was assessed on the books of the County Auditor at a certain figure, or figures, and a much higher valuation was placed thereon by the town authorities, and he was taxed by said town at the higher figures, resulting in his having to pay

the sum of $150.00 more than if the valuation placed on it by the books of the County Auditor had been followed. The said additional tax was paid under protest.

"The defendant answered setting up certain acts of the legislature which it claims authorized the higher assessment. The plaintiff demurred to the answer as not constituting any defense, for the reason that the said acts of the legislature relied upon by the defendants are in violation of the State Constitution, Art. 10, § 13.

"The demurrer was heard by me at the spring term of Court for said county. The demurrer is sustained, and the answer ordered stricken from the record.

"The matter has been before the Supreme Court once before on a question of mandamus, 168 S. C. page 69, 167 S E. 2, and while the question before us at this time was not directly in dispute, it had to be passed upon before the Court could determine as to whether mandamus should have issued. At page 73 of the opinion in 168 S. C., 167 S. E., 2, 4, we quote:

" 'It therefore appears from the provisions of the Constitution, and from the decided cases that only one assessment of property shall be made for all taxable purposes, and that it is the duty of municipal authorities to adopt the assessment as placed upon the books of the county auditors.'

"The opinion from which the above is an excerpt, is very full and instructive."

A similar order was passed in the *Roper case*.

We can see no valid reason to recede from the position taken in the *Sophie H. Breedin case,* which is referred to in the order of the Circuit Judge. It is most unfortunate that the town saw fit to depart from the constitutional requirement as to one assessment of taxes for all purposes and it is regretted that relief cannot be granted, but the method adopted by the town is so greatly in conflict with the constitutional provision, that the granting of relief is impos-

sible. All acts permitting the town to adopt a method of tax assessments by which the taxes for town purposes are different from the auditor's books are hereby declared to be unconstitutional, null, and void.

This opinion should be read in connection with the opinion in the *Sophie H. Breedin case,* above referred to, for a full understanding.

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.